UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20228-CR-SEITZ

UNITED STATES OF AMERICA,

 Plaintiff,
vs.

MARC PIERRE ALTERMA,

 Defendant.
_____/

**MOTION TO DISMISS INDICTMENT FOR VIOLATION OF SPEEDY TRIAL**

 The defendant, Marc Alterma, through counsel, and pursuant to the Sixth Amendment of the United States Constitution and Federal Rule of Criminal Procedure 48(b), respectfully moves to dismiss the indictment and further states as follows:

 1. Mr. Alterma is charged in an four-count indictment with making false statements in a passport application in December 2003, using the false passport in February 2010, making a false claim to U.S. citizenship in February 2010 and possessing the means of identification of another person in connection with using the false passport in February 2010. (D.E. 3). All charges in the indictment pertain to the use of the identification of another person with the initials J.P.C. The indictment was filed over one year after the last alleged criminal conduct, on March 31, 2011. The indictment was sealed. (D.E. 2). On May 6, 2011, one month and six days after the indictment was filed, the case was transferred to fugitive status, without further explanation. (D.E. 6).

2. Mr. Alterma was arrested on this indictment in Miami on May 31, 2018 (D.E. 7) and the indictment was unsealed the following day.

3. Mr. Alterma made his initial appearance in court on June 1, 2018. The undersigned was assigned to his case on June 1, 2018 and discovery was first produced to the undersigned two weeks ago, on June 18, 2018. This motion to dismiss follows.

## MEMORANDUM OF LAW

### A. Sixth Amendment Violation

The Sixth Amendment to the United States Constitution guarantees that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . ." U.S. Const. amend. VI. The Sixth Amendment right to a speedy trial attaches when the defendant is indicted, arrested, or otherwise officially accused and continues until the date of trial. *United States v. Gonzalez*, 671 F. 2d 441, 444 (11th Cir. 1982).

In *Barker v. Wingo*, 407 U.S. 514, 530 (1972), the United States Supreme Court established a four-pronged test to determine whether a defendant's right to a speedy trial has been violated based on post-indictment delay. The four factors are (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of the speedy trial right; and (4) the prejudice to the defendant as a result of the delay. *Id*.

To trigger a speedy trial analysis, the accused must allege that the length of the delay between the indictment and trial is presumptively prejudicial. *Doggett v. United States,* 505 U.S. 647 (1992). If the threshold point is satisfied then the court

may proceed with the final three factors in the *Barker* analysis. In *United States v. Ingram*, 446 F.3d 1332, 1336-37 (11th Cir. 2006) (two-year delay triggered presumption of prejudice) the Eleventh Circuit, citing *Doggett*, observed that delays exceeding one year are generally found to be presumptively prejudicial. *Ingram*, 446 F.3d at 1336. Furthermore, the court found that the two-year delay in *Ingram* was sufficient to proceed with the *Barker* analysis. The court then conducted the analysis and reversed the district court's denial of the motion to dismiss finding the defendant's Sixth Amendment rights to have been violated. *Id.* at 1340.

**1. Length of delay**

The first factor of the balancing test actually serves as a "double enquiry." *Doggett,* 505 U.S. at 651. First, it serves as a threshold inquiry that the defendant must satisfy in order for the court to weigh the remaining three factors. *See Barker,* 407 U.S. at 530 ("Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance."). To satisfy this threshold inquiry the defendant "must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from presumptively prejudicial delay." *Ingram,* 446 F.3d at 1336 (internal citations omitted). If the defendant satisfies this threshold inquiry, then the Court must proceed to address the remaining three factors of the Barker balancing test. *Id.* That threshold is set at one year. *Id.* citing *Doggett*, 505 U.S. at 651; *see also United States v. Clark*, 83 F.3d 1350, 1352 (11th Cir. 1996) ("Delays exceeding one year are generally found to be 'presumptively prejudicial.").

Here, the delay thus far between the indictment and Mr. Alterma's initial appearance in court the Southern District of Florida on the indictment is **7 years and 2 months**. The length of the delay in this case is well over one year (indeed, it is more than seven times the one-year threshold identified in *Doggett*) and therefore is presumptively prejudicial. *Doggett,* 505 U.S. at 650.

Next, the longer the pretrial delay extends beyond the "bare minimum" necessary to show presumptive prejudice, ***the stronger the presumption that the pretrial delay prejudiced the defendant***. *See United States v. Villarreal*, 613 F.3d 1344, 1350 (11th Cir. 2010). The length of the delay itself weighs against the government, incrementally increasing in weight as the delay becomes increasingly protracted, and a particularly lengthy delay also affects the Court's analysis of the fourth *Barker* factor. *See id. citing United States v. Smith,* 94 F.3d 204, 209 (6th Cir.1996). Here, the delay also extended significantly beyond the minimum necessary to show presumptive prejudice. *See Doggett,* 505 U.S. at 652 (explaining that "the presumption that pretrial delay has prejudiced the accused intensifies over time").

Here, the delay is not only presumptively prejudicial, but it is "extraordinary." *See Velasquez*, 749 F.3d 161, 174 (3rd Cir. 2014) (describing the six-and-a-half year delay there as "extraordinary"); *see also Barker*, 407 U.S. at 533 ("It is clear that the length of delay between arrest and trial – well over five years – was extraordinary."); *United States v. Cardona*, 302 F.3d 494, 497 (5th Cir. 2002) ("This delay of over five years certainly suffices to raise the presumption of prejudice and trigger the [*Barker*] analysis." (alteration added)); *United States v.*

*Brown*, 169 F.3d 344, 349 (6th Cir. 1999) ("The government concedes that the five-and-one-half years delay in this case meets the threshold requirement."). This factor, therefore, weighs heavily against the government.

**2. Reason for the delay**

The second *Barker* factor, the reason for the post-indictment delay, should also weigh against the government. A defendant has no duty to bring himself to trial. *Barker*, 407 U.S. at 527. The Government has a "constitutional duty to make a diligent, good-faith effort" to locate and apprehend a defendant and bring that defendant to trial. *Smith v. Hooey*, 393 U.S. 374, 383 (1969); *United States v. Hayes*, 40 F.3d 362, 365 (11th Cir. 1994), *cert. denied*, 516 U.S. 812 (1995). Since the time of the indictment, Mr. Alterma has been living in South Florida. Although the discovery does evidence that the government made some attempts to locate Mr. Alterma, it also appears that there are multi-year gaps in which the government did not take any reasonable and diligent steps to attempt to locate Mr. Alterma after indicting him.

Whenever an individual has been officially accused of a crime, the government is obligated to use due diligence in attempting to locate and apprehend the accused. *See Rayborn v. Scully*, 858 F.2d. 84, 90 (2d Cir. 1988). The burden is on the prosecutor to explain the cause of the delay. *Ingram*, 446 F. 3d at 1337.

It appears from the discovery that the first agent assigned to the case drafted an affidavit in support of a complaint and warrant for Mr. Alterma's arrest in February 2010. At that time the agents knew exactly where Mr. Alterma was

residing and had all pertinent information to the charges in this case. Nevertheless, the government waited more than a year from the drafting of the complaint and arrest warrant to indict Mr. Alterma. Candidly, while it appears from the statements reported in discovery that Mr. Alterma may have been aware that the agents were seeking to speak to him, there is no evidence he was aware that there was an indictment against him. The indictment remained sealed in the case until 2018.

After the indictment was initially returned (but still sealed), it seems the agents did attempt to locate Mr. Alterma in April and May 2011, a period of two months. When their initial attempts did not pan out, the discovery reveals that ***no further action was taken between May 2011 – March 2012***, a period of almost one year. In June 2012, a new special agent was assigned to the case and, from the discovery, seems to done some database checks and conducted surveillance on a few locations for until March 2013. Then it appears that ***no action was taken between March 2013-January 2015***, a period of approximately 1 year and 10 months.

Then, in January 2015, the discovery reveals that the agents spent exactly one day, Saturday, January 24th, attempting to locate Mr. Alterma by going to his brother's house "to look for vehicles and activity," but not knocking on the door and the discovery does not specify the amount of time spent at the brother's house. Agents then traveled to another building where they believed Mr. Alterma's wife lived in apartment number 60, but did not enter the building and did not identify that apartment from the exterior. The agents spoke to a mail carrier parked at the

building who recognized a picture of Mr. Alterma's wife (her last name is Chancelin, not Alterma). The mail carrier said she delivered mail to apartment number 60 with the name Alterma on it on a near daily basis. However, the reports do not reveal any mail cover was requested after they received that information. On that same date while at the building where they had confirmed Mr. Alterma's wife lived, the agents identified her car and watched it for "30 minutes, but observed no activity." After January 2015, the discovery reveals no additional activities taken by the government in the preceding 3 and ½ years to locate Mr. Alterma until his arrest on May 31, 2018. Considering a delay of one year is considered presumptively prejudicial, *Ingram,* 446 F.3d at 1336 (internal citations omitted), this case consists of multiple investigative gaps that exceeded one year. Thus, this factor should also weigh heavily against the government.

### 3. Assertion of the speedy trial right

Mr. Alterma's assertion of his speedy trial right is this motion to dismiss. The undersigned received discovery two weeks ago, and required time to review that discovery prior to filing this motion. This motion is being filed less than one month after his arraignment. Because Mr. Alterma is asserting his speedy trial right soon after his arrest, this factor weighs in Mr. Alterma's favor and against the government. *See e.g., Ingham*, 446 F. 3d at 1338, *United States v. Clark*, 83 F. 3d 1350 (11th Cir. 1996).

### 4. Prejudice to the defendant as a result of the delay

The fourth *Barker* factor, prejudice to the defendant, is presumed if the first three *Barker* factors weigh heavily against the government. *See Ingram*, 446 F.3d at 1336 (citing *Doggett*, 505 U.S. at 647). In other words, if the length of delay is presumptively prejudicial, and the second and third factors weigh heavily against the government, then the defendant need not show the fourth factor, prejudice, to succeed in showing a violation of the Sixth Amendment right to speedy trial. The rationale for presuming prejudice is that the excessive delay presumptively compromises the reliability of a trial in ways neither party can prove, or for that matter identify. *Id*.

Additionally, while its correct that in cases of government negligence, the defendant must show actual prejudice, his burden decreases as the period of delay increases. *United States v. Clark*, 83 F.3d 1350, 1353 (11th Cir. 1996); *see also Doggett*, 505 U.S. at 657, 112 S.Ct. 2686 ("[T]he weight we assign to official negligence compounds over time as the presumption of evidentiary prejudice grows."). Government negligence and a substantial delay can compel relief without any showing of particularized prejudice unless the resulting prejudice either was extenuated, as by the defendant's acquiescence, or persuasively rebutted by the government. *Clark*, 83 F.3d at 1353. In *Doggett*, the Supreme Court held that a delay of eight and a half years, caused solely by government negligence, was long enough to eliminate the need for proof of particularized prejudice. *Doggett*, 505 U.S. at 657-58, 112 S.Ct. 2686; *see also United States v. Lazzara*, 709 F. App'x 578, 582 (11th Cir. 2017).

Unreasonable delay between formal accusation and trial threatens to produce more than one sort of harm, the "most serious" of which is "the possibility that the [accused's] defense will be impaired" by dimming memories and loss of exculpatory evidence. *Barker*, 407 U.S., at 532; *see also Smith v. Hooey,* 393 U.S. 374, 377-379 (1969); *United States v. Ewell*, 383 U.S. 116, 120, 86 S.Ct. 773, 776, 15 L.Ed.2d 627 (1966). The Supreme Court identified this harm as the most serious because the inability of a defendant adequately to prepare his case "skews the fairness of the entire system." *Id.*

Moreover, as the Supreme Court recognized in *Barker* and *Doggett*, it can be almost impossible for a defendant to identify the specific impairment of the defense precisely because "time's erosion of exculpatory evidence and testimony can rarely be shown." *Doggett*, 505 U.S. at 655 and *Barker* 407 U.S. at 532. The Court in *Doggett* further noted that "though time can tilt the case against either side, one cannot generally be sure which of them it has prejudiced more severely. Thus, we generally have to recognize that excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or, for that matter, identify." *Id.*

Admittedly, while this presumptive prejudice does not alone carry a Sixth Amendment claim without regard to the other *Barker* criteria, it is part of the mix of relevant facts, and its importance increases with the length of delay. *Doggett*, 505 U.S. 647, 655–56. In this case, the delay is more than seven years, more than seven times the minimum length of time to presume a delay. *United States v. Knight*, 562 F.3d 1314, 1323 (11th Cir. 2009) (A delay becomes presumptively

prejudicial as it approaches one year). The government could have determined where Mr. Alterma was, had the power and authority to apprehend him, but did not. The government failed to pursue the prosecution of this case with due diligence off and on for almost seven years, after waiting more than a year from the last of the alleged incidents to indict Mr. Alterma. Therefore this Court can presume that Mr. Alterma's defense has been prejudiced and should find, as the Court did in *Doggett*, that Mr. Alterma is entitled to have his motion to dismiss granted.

**B. Federal Rule of Criminal Procedure 48(b) also allows for dismissal**

Aside from the Constitutional violation in this case, there is also a procedural violation that should result in dismissal. Pursuant to Federal Rule of Criminal Procedure 48(b), this "Court may dismiss an indictment, information, or complaint if unnecessary delay occurs in: (1) presenting a charge to a grand jury; (2) filing an information against a defendant, or (3) bringing a defendant to trial." Fed.R.Crim.P 48(b). Rule 48(b) "... places a stricter requirement of speed on the prosecution, and permits dismissal of an indictment even though there has been no constitutional violation." *Mathies v. United States*, 374 F.2d 312, 314 (D.C. Cir. 1967). "[T]his rule is a restatement of the inherent power of the court to dismiss a case for want of prosecution." *United States v. Correia*, 531 F.2d 1095, 1099 (1st Cir. 1976), *quoting* Advisory Committee Note to Rule 48(b) in 8A J. Moore, Federal Practice p48.01(2) at 48-2. Further, a dismissal pursuant to Rule 48(b) "... is governed by the same general considerations as the sixth Amendment." *United States v. DeLuna*, 763 F.2d 897, 923 (8th Cir. 1985).

There was no Constitutionally viable reason for a one year delay in the indictment of this case and then a more than seven year delay in bringing Mr. Alterma to trial. Further, the delay has prejudiced Mr. Alterma by creating an artificial strengthening of the government's limited evidence. What is meant by this is as follows: in a normal case, the Defendant is appointed counsel upon arrest and counsel uses the time before a trial to review the government's case, as well as diligently investigate the defendant's case for evidence supporting a possible defense. With memories still fresh, addresses and phone numbers unchanged, witnesses still in the area, and documents and evidence still undestroyed and in existence, the diligent investigation of the case may be successfully undertaken. A diligent investigation is often able to produce pieces of evidence that may be used to challenge portions of the government's case. Due to the passage of more than a year pre-indictment and more than seven years post-indictment, for a total of eight years since the incidents alleged in the indictment occurred, a gathering of investigative information on the Defendant's behalf is crippled. In sum, it is exceedingly difficult to gather evidence that might rebut the government's allegations after eight years. Thus, the government is provided with a position of artificial strength with respect to its evidence as it becomes the *only* available evidence. No person could be expected to recall with the certainty and detail needed for testimony or preparation in a criminal trial the details of what occurred many years in the past, in this case in 2003 – as to Count 1, **over 15 years ago** – and in 2010 – as to Counts 2 through 4, **over eight years ago** – so as to be prepared to meet the government's preserved evidence.

There do not appear to be any valid reasons for the pre- and post-indictment delay in this case. Under the circumstances that exist herein, the government derives an impermissible benefit from the delay. As such, the Defendant is prejudiced by this delay and the Court should dismiss the indictment based on the pre-and post-indictment delay.

## CONCLUSION

Mr. Alterma has been denied his constitutional right to a speedy trial. The seven year and two month delay between the indictment and Mr. Alterma's initial appearance is a presumptively prejudicial delay, particularly when combined with the unexplained one year pre-indictment delay, and as the government did not pursue the prosecution of this case with reasonable diligence, the case must be dismissed.

WHEREFORE, the defendant respectfully requests that this Court grant this motion and dismiss the indictment.

Respectfully Submitted,

**MICHAEL CARUSO**
**FEDERAL PUBLIC DEFENDER**

By:   _/s/ Aimee Ferrer_
      Aimee Ferrer
      Assistant Federal Public Defender
      Florida Bar No. 17827
      150 W. Flagler Street, Suite 1700
      Miami, Florida 33130-1556
      Tel: (305) 530-7000
      Fax: (305) 536-4559
      Email: aimee_ferrer @fd.org

**CERTIFICATE OF SERVICE**

I HEREBY certify that on **July 2, 2018,** I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: *s/ Aimee Ferrer*