UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 11-20228-CR-SEITZ

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MARC PIERRE ALTERMA,

    Defendant.
_____/

## ORDER DENYING IN PART MOTION FOR RECONSIDERATION

THIS MATTER is before the Court on the United States of America's Motion to Reconsider Order Granting Motion to Dismiss [DE 41]. On October 2, 2018, after holding a three-day evidentiary hearing, the Court granted Defendant's Motion to Dismiss Indictment for Violation of Speedy Trial [DE 18]. In the Order Granting Motion to Dismiss [DE 37], the Court found that the government did not fulfill its constitutional duty to make a diligent and good faith effort to locate and apprehend Defendant in a timely manner. Thus, the Court found that dismissal was appropriate under both the Sixth Amendment and Federal Rule of Criminal Procedure 48(b). The Government seeks reconsideration of that order.

### *The Motion is Denied as to Defendant's Sixth Amendment Right*

As set out in the Order Granting Motion to Dismiss, to determine whether a post-indictment, pre-trial delay has violated a defendant's right to a speedy trial, courts consider four factors: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of the right to a speedy trial; and (4) the prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 530 (1972). In the Eleventh Circuit, "a defendant generally must show actual prejudice unless

1

the first three factors in *Barker* all weigh heavily against the government." *U.S. v. Davenport*, 935 F.2d 1223, 1239 (11th Cir. 1991); *see also U.S. v. Oliva*, 904 F.3d 910, 916 (11th Cir. 2018). The government argues that the Court weighed the second factor too heavily against it, and, because Defendant concedes that he cannot show actual prejudice under the fourth factor, the Court wrongly dismissed the indictment.

The government maintains that the Court held that the second factor weighed heavily against the government because Defendant did not know of the indictment before his arrest. The government argues that the proper inquiry is why did it take so long for the government to find Defendant, not whether Defendant knew about the indictment before his arrest. The government is correct as to the proper inquiry but is incorrect as to why the Court found that this factor weighed heavily against the government.[1] The Court found that the government did not diligently pursue Defendant and was so lackadaisical in its attempts to find Defendant that its lack of effort went beyond just mere negligence. In reaching this conclusion, the Court relied on the following facts: over a period of more than seven years, law enforcement went into the field to look for Defendant approximately a dozen times; surveillance was limited and lasted for only a few hours at a time; and, during the time the indictment was pending, there were lengthy periods of total inactivity by the government, including one of more than a year. All of this plus the government's lengthy pre-indictment delay of more than seven years between Defendant's

---

[1] In both its Motion and Reply [DE 44], the government cites to language in the Court's order stating "[f]irst, and most importantly, there is no evidence that Defendant knew of the indictment." The government, however, takes this language out of context. When read in the context of the larger section of the order, that language was used to point out the primary reason the Court found that Defendant was not purposely evading law enforcement, not to point out the primary reason the Court found that this factor weighs heavily against the government.

allegedly false passport application and the indictment lead to the conclusion that the government failed to fulfill its constitutional obligation to make a diligent, good faith effort to locate Defendant. *See U.S. v. Ingram*, 446 F.3d 1332, 1339 (11th Cir. 2006) ("once the Sixth Amendment's speedy trial analysis is triggered, it is appropriate to consider inordinate pre-indictment delay in determining how heavily post-indictment delay weighs against the Government"). Consequently, the Court found that this factor weighs heavily against the government. Nothing in the government's Motion to Reconsider changes this conclusion.[2]

### *The Motion is Granted as to Federal Rule of Criminal Procedure 48(b)*

The government also seeks reconsideration of the Court's ruling that Federal Rule of Criminal Procedure 48(b) provided Defendant an alternative basis for relief. The government argues, and Defendant concedes in his response, that Rule 48(b) is limited in its application to post-arrest situations. *See United States v. Lovasco*, 431 U.S. 783, 789 n.8 (1977). Thus, Rule 48(b) would not apply in the instant matter, where all of the delay was pre-arrest. Consequently, the Motion to Reconsider is granted as to the portion of the Court's order that granted the motion to dismiss pursuant to Rule 48(b).

---

[2]In its Reply, the government seems to lay much of the blame for the delay on third parties, such as Defendant's wife who told law enforcement she did not know where Defendant was and Defendant's friend who told Defendant's landlord, who then told law enforcement, that Defendant had moved to California. The government seems to argue that these alleged falsehoods should somehow make this factor weigh less against it. However, none of these third parties had an obligation to provide information to law enforcement and, in fact, the friend who stated that Defendant had moved out of state did not even convey this information to law enforcement but to a third party. Investigating and getting past misrepresentations and lies is the job of law enforcement – a job law enforcement does not seem to have done well in this case. The government's argument intimates that law enforcement cannot be held responsible for its failures if third parties do not come forward and provide law enforcement with accurate information. This is simply not the law and the government has not provided any authority otherwise.

Accordingly, it is hereby

ORDERED that the United States of America's Motion to Reconsider Order Granting Motion to Dismiss [DE 41] is DENIED in part and GRANTED in part:

a) The Motion to Reconsider is DENIED as to the portion of the Court's order dismissing the indictment pursuant to Defendant's Sixth Amendment rights.

b) The Motion to Reconsider is GRANTED as to the portion of the Court's order dismissing the indictment pursuant to Federal Rule of Criminal Procedure 48(b). Section III.B. of the Court's Order Granting Motion to Dismiss [DE 37] is VACATED.

DONE and ORDERED in Miami, Florida, this 19th day of November, 2018.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record